Frank HOWARD, Appellee,

v.

George ADKISON and Henry Jackson, Appellants.

No. 88–2330.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1989.

Decided Oct. 4, 1989.

As Amended Nov. 15, 1989.

Rehearing and Rehearing En Banc Denied Nov. 15, 1989.

Jerry L. Short, Jefferson City, Mo., for appellants.

George E. Wolf, III, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and FLOYD R. GIBSON and HEANEY, Senior Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

George Adkison and Henry Jackson, supervisory officers employed by the Missouri Department of Corrections and Human Resources, appeal from a jury verdict holding them liable under Frank Howard's 42 U.S.C. § 1983 claim of cruel and unusual punishment. Specifically, appellants argue

that the district court[1] erred in submitting Howard's claims to the jury, that the jury was improperly instructed, that relevant evidence was improperly excluded, and that they enjoyed qualified immunity from Howard's claims in that their actions did not violate clearly established constitutional rights. We affirm the judgment of the district court.

This case concerns the conditions surrounding Howard's confinement in the Special Management Facility of the Missouri State Penitentiary, located in Jefferson City, Missouri. Howard was assigned to that unit over concerns for his safety, not for disciplinary purposes. According to Howard's testimony at trial, however, conditions inside the facility made the reassignment highly undesirable. He stated that the walls of his cell were covered with human waste, as were his door and food slot. His mattress was torn and stained with urine and human waste. Denied access to proper cleaning supplies, he was forced to use a sock and water from his face bowl to clean the filth from his cell. Howard testified that these conditions, along with a denial of proper laundry and barber privileges, continued during his two-year internment in the special facility.

Howard subsequently filed this section 1983 action against Adkison, the lieutenant supervising Howard's housing unit, Jackson, the special unit manager, William Armontrout, the penitentiary warden, and Dick Moore, Director of the Missouri Department of Corrections and Human Services. Each was claimed either to have directly subjected Howard to cruel and unusual punishment prohibited by the eighth amendment, or to have acted with deliberate indifference to Howard's situation. Moore was dismissed from the suit prior to trial. The jury found the remaining defendants liable, awarding Howard $500 actual damages, $1 nominal damages, $750 punitive damages against Adkison, $1,000 punitive damages against Jackson, and $2,000 punitive damages against Armontrout. The district court set aside the verdict against Armontrout, but entered judgment against the remaining defendants. This appeal followed.

## I.

■ Appellants contend that the district court should have granted their motion for a judgment notwithstanding the verdict, since Howard produced insufficient evidence to allow the jury to hear his claims. First, they argue that even if Howard's allegations are accepted as truthful, he did not demonstrate conditions of confinement that would violate the eighth amendment. Second, they claim that even assuming constitutional violations occurred, there was no basis for assigning them liability, since the evidence showed no personal involvement or knowledge on their part. In reviewing submissibility, we must view the evidence

in the light most favorable to the nonmoving party.

\* \* \* \* \* \*

We have interpreted the instruction to view the evidence favorably to the nonmovant as requiring the court to (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

*Dace v. ACF Indus.*, 722 F.2d 374, 375 (8th Cir.1983) (citations omitted); *see also Robertson Oil Co. v. Phillips Petroleum Co.*, 871 F.2d 1368, 1371 (8th Cir.1989); *Craft v. Metromedia, Inc.*, 766 F.2d 1205, 1218 (8th Cir.1985), *cert. denied*, 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986). Generally, only the evidence favoring the nonmoving party should be considered. *Dace*, 722 F.2d at 376.

Following this standard of review, we conclude that Howard sufficiently proved

---

**1.** The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

his conditions of confinement to have been cruel and unusual punishment within the meaning of the eighth amendment. As stated by the Supreme Court in *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981), the eighth amendment prohibits punishments that "deprive inmates of the minimal civilized measure of life's necessities." This includes the infliction of punishment "totally without penological justification." *Martin v. White,* 742 F.2d 469, 474 (8th Cir.1984). Any analysis of confinement conditions must be based on the totality of the circumstances. *See Johnson v. Levine,* 588 F.2d 1378, 1389 (4th Cir.1978) (per curiam); *Williams v. Edwards,* 547 F.2d 1206, 1211 (5th Cir.1977).

In this case, the jury was entitled to believe that Howard was placed in a cell covered with filth and human waste, including the food slot, in violation of the institution's own rules and regulations. Howard's requests for remedial measures went unheeded, and he was denied access to proper cleaning supplies. His mattress was torn, dirty, stained with urine, and covered with human waste. Regulations requiring mattress inspection and replacement were ignored: a new mattress was not provided for ten months. Additionally, Howard was denied laundry service during his first five months in the unit, on the pretext that he did not possess a laundry bag. Howard's repeated requests for a laundry bag during that period went unanswered. When laundry service was finally commenced, Howard's laundry was returned wet and still dirty. Finally, Howard was provided with only a dirty blanket and half a sheet, again in violation of prison policy.

█ Appellants attempt to downplay the seriousness of these jury findings, contending that "[i]nmates cannot expect the amenities, conveniences and services of a hotel," Brief for Appellants at 7, and that inmates do not enjoy a "constitutional right to 'Comet' or 'Lysol.'" Reply Brief for Appellants at 3. This may be true, but inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time. *See, e.g., Green v. Ferrell,* 801 F.2d 765, 771 (5th Cir.1986); *cf. Ramos v. Lamm,* 639 F.2d 559, 566 (10th Cir.1980) (sanitation a "core area" of eighth amendment), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). The conditions found to exist by the jury were "inconsistent with any standard of decency," *Toussaint v. McCarthy,* 597 F.Supp. 1388, 1411 (N.D.Cal.1984), *modified in part,* 801 F.2d 1080 (9th Cir.1986), *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987), not mere inconveniences.

Appellants further argue that in two recent cases, *Rust v. Grammer,* 858 F.2d 411 (8th Cir.1988), and *Harris v. Fleming,* 839 F.2d 1232 (7th Cir.1988), far harsher conditions of imprisonment were held permissible under the eighth amendment. This argument, however, ignores the length of time the prisoner was subjected to the harsh confinement, a crucial factor. Conditions, such as a filthy cell, may "be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney,* 437 U.S. 678, 687, 98 S.Ct. 2565, 2571, 57 L.Ed.2d 522 (1978). *Rust* involved measures taken during a short-term lock-down at the Nebraska State Penitentiary, while *Harris* was concerned with temporary conditions in a protective custody unit. Howard's contested confinement lasted for two years, and *Rust* and *Harris* are therefore inapplicable. Under the totality of circumstances found by the jury, the conditions of Howard's confinement violated the eighth amendment.

█ We next turn to the question of whether the evidence supported holding the appellants liable for the violations. Supervisors, in addition to being liable for their own actions, are liable when their corrective inaction amounts to "deliberate indifference" to or "tacit authorization" of the violative practices. *Williams v. Willits,* 853 F.2d 586, 588 (8th Cir.1988). Supervisors are not liable for eighth amendment claims brought under section 1983 on a respondeat superior theory. *See Wilson v. Cross,* 845 F.2d 163, 165 (8th Cir.1988).

Appellants in effect argue that no evidence established that they actually knew of Howard's confinement conditions, and that they may not, therefore, be held liable for those conditions. *Cf. Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir.1986) (tacit authorization of subordinate practices requires notice of those practices).

■ Proof of actual knowledge of constitutional violations is not, however, an absolute prerequisite for imposing supervisory liability. This court has consistently held that reckless disregard on the part of a supervisor will suffice to impose liability. *See Martin v. White*, 742 F.2d 469, 474 (8th Cir.1984); *Miller v. Solem*, 728 F.2d 1020, 1024–25 (8th Cir.), *cert. denied*, 469 U.S. 841, 105 S.Ct. 145, 83 L.Ed.2d 84 (1984). This requires "more than mere negligence yet less than malicious or actual intent." *Miller*, 728 F.2d at 1025. Thus, the issue is not whether the appellants had actual knowledge of the violations, but whether they knew or should have known of them. Having examined the evidence in the record, we are satisfied that a rational jury could have made a finding of reckless disregard.

■ A single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability. *Williams*, 853 F.2d at 588. However, as the number of incidents grow, and a pattern begins to emerge, a finding of tacit authorization or reckless disregard becomes more plausible. *Cf. id.* at 588–89. Here, the evidence allowed the jury to find that Howard's eighth amendment rights were violated continuously over two years, in a unit supervised by the appellants. Howard made repeated requests and complaints, but none gave rise to any relief.

When Howard made a request for a new mattress to Adkison in person, Adkison laughed and walked away. Taken in aggregate, this evidence was sufficient to allow the jury to hold the appellants liable. The district court therefore correctly denied the motion for judgment notwithstanding the verdict.

## II.

Appellants next assert that the district court misinstructed the jury, both by using improper instructions [2] and by refusing to adopt appellant's proposed instructions. Specifically, they charge that the instructions submitted allowed the jury to find liability without finding that the appellants caused Howard's injuries, and to award damages without proof of actual injury. We find no error in the instructing of the jury.

■ Each instruction allowed the jury to assign liability only upon a finding that the appellants either intentionally deprived Howard of his right to be free from cruel and unusual punishment, or acted in reckless disregard of Howard's rights. This is a correct statement of the law. Appellant's main objection to these instructions, and the primary thrust of their proposed alternate instructions, is that the differences between negligence, recklessness, and actual knowledge are not spelled out in detail.[3] They urge that the jury could not appreciate the meaning of the term "deliberate indifference." To support this contention, appellants quote Judge Posner in *Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986), that "like other famous oxymorons in law * * * [deliberate indifference] evades rather than expresses precise meaning." Significantly,

---

**2.** The allegedly defective Instructions, numbers 8 and 9, stated:

> Your verdict must be for plaintiff and against defendant George Adkison [Henry Jackson] if you believe:
>
> First, plaintiff's conditions of confinement were unsanitary and inhumane, and
>
> Second, defendant was deliberately indifferent to plaintiff's constitutional right to be free of cruel and unusual punishment, either because defendant intended to deprive him of some right, or because defendant acted with reckless disregard of his right to be free from unsanitary and inhumane conditions of confinement.

**3.** Appellants Proposed Instruction A read as follows:

> As to plaintiff's claim of deprivation of his constitutional right to be free from cruel and unusual punishment, you must find for the defendants if you conclude that their actions were merely inadvertent or negligent. An act of negligence does not become a constitutional violation merely because the injured person is a prisoner. The plaintiff has the burden of proving that the personal acts or omissions of the defendants were done either with the conscious purpose to inflict suffering or with a reckless disregard for plaintiff's safety and well-being.

however, they overlook Judge Posner's conclusion in *Duckworth* that the eighth amendment may be violated by either a deliberate or reckless infliction of suffering. *Accord Martin,* 742 F.2d at 474. As we have observed, the instructions given in this case expressed this standard and required the jury to find either that appellants intentionally deprived Howard of his rights, or that they acted with reckless disregard for those rights. The instructions were sufficient to require the jury to find liability only upon a showing of constitutional violation.

■ The instructions concerning damages were likewise adequate. Appellants argue that the instructions authorizing a verdict for Howard were improper in that they did not require a finding of injury. We have frequently stated, however, that jury instructions must be read together. *Chohlis v. Cessna Aircraft Co.,* 760 F.2d 901, 904 (8th Cir.1985). Taken as a whole, the instructions plainly informed the jury that it could award Howard only such sums as would fairly compensate him for damages sustained from a violation of his constitutional rights.[4] The jury's award of actual damages demonstrated that it found Howard sustained such constitutional injury. In *Bolin v. Black,* 875 F.2d 1343, 1349 (8th Cir.1985), we held that a finding of compensatory damages demonstrated the jury's belief that plaintiff suffered damages as a direct result of defendant's conduct. *Cowans v. Wyrick,* 862 F.2d 697, 700 (8th Cir.1988), and *Rodgers v. Thomas,* 875 F.2d 380 (8th Cir.1989), are not to the contrary. *Cowans* involved a claim of injuries when a food service door on the cell was slammed on his hand. The jury awarded

no damages. This case, as we have seen, involves exposure to unsanitary conditions over an extended period of time and a jury finding of damage. While it may have been preferable for the verdict directing instruction to require a finding of damage or injury, the jury found such to exist, when all of the instructions were read together, and this is sufficient.

■ Appellants further contend that no direct evidence was shown to substantiate actual damage, and that the jury therefore must have been confused. We agree that the actual trial testimony contained no formal evidence of actual damage, but such harm "can be inferred from the circumstances as well as established by the testimony." *Seaton v. Sky Realty Co.,* 491 F.2d 634, 636 (7th Cir.1974) (discussing damages for humiliation). Again, *Rodgers* is not to the contrary. We there affirmed the district court's determination that Rodgers had suffered minimal damage from flu symptoms after he had been confined for a period of time in his undershorts. This evidence is far different from the continued exposure to the unsanitary and inhumane conditions which the jury found in this case. The evidence in the record fully supports the jury's relatively moderate award of $500 for compensatory damages. We therefore conclude that Instruction 11 adequately guided the jury in determining damages.

### III.

■ Appellants also argue that the district court erred in refusing to admit their exhibits of state requisition forms for cleaning supplies, offered to show that

---

Conscious purpose, as used in these circumstances, does not require a finding that the acts were taken or omitted with a purpose, motive, or specific intent to deprive one of his constitutional rights, as this phrase encompasses both the special intent to deprive the plaintiff of his constitutional rights and the general intent to perform acts, the natural consequences of which were the deprivation of a constitutional right of plaintiff.

A person is reckless or acts recklessly when he consciously disregards the substantial and unjustifiable risk that circumstance exists or that a result will follow and such disregard constitutes a gross departure from the care which a reasonable person would exercise in this situation.

Proposed Instruction B stated:

Personal involvement of supervisory officials, like that of defendants Adkison, Jackson, Armontrout and Moore, is the touchstone of their liability, because a supervisor is not liable for a civil rights or constitutional violation based solely upon the acts of his subordinate officers or employees. But if the acts complained of were done at the direction or with the knowledge or consent of defendant supervisor then the defendant supervisor can be held liable.

4. Instruction 11 was as follows:

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained as a direct result of the violation of plaintiff's constitutional rights.

such supplies were routinely available to inmates in Howard's unit. District courts have a wide discretion in the admission of evidence, and we will reverse only if that discretion is abused. *See Radtke v. Cessna Aircraft Co.*, 707 F.2d 999, 1001 (8th Cir. 1983). Here the district court did not abuse its discretion in ruling that the proposed exhibits were irrelevant to the case. The simple fact that the cleaning supplies were present in Howard's unit does nothing to show that he was provided with them. Indeed, Howard's claims centered on the fact that he was denied access to the supplies to which he was entitled under normal prison procedure. We therefore reject appellants' argument.

## IV.

■ Appellants finally argue that they are entitled to qualified immunity, and are therefore shielded from liability. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The rationale for this rule is that officials with decision-making power may only exercise that power effectively when they may reasonably anticipate that their conduct will result in the assessment of damages. *See Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984). Appellants claim that since they were acting in good faith and could not have reasonably guessed that their actions were resulting in constitutional violations, they should be awarded immunity.

■ This argument fails for two reasons. First, neither Adkison nor Jackson possessed the type of discretionary power needed to trigger immunity. Qualified immunity is not available to all government officials acting within the scope of their employment. It is only for those officials who possess the discretion to decide matters in the name of the public interest. *See Butz v. Economou,* 438 U.S. 478, 506, 98 S.Ct. 2894, 2910, 57 L.Ed.2d 895 (1978). Howard's complaint did not allege that the Missouri prison system itself had mistreated him, through the use of improper policies, but rather that appellants had ignored applicable prison policies. Although appel-lants may have possessed some decision-making power as a result of their positions, they were not authorized to act as they did. Since they were exercising no discretionary power, they are not entitled to qualified immunity.

Further, it should have been apparent to appellants that their actions were in violation of the eighth amendment. Although there is no "static test" to determine what confinement conditions violate the eighth amendment, *Chapman,* 452 U.S. at 346, 101 S.Ct. at 2399, common sense is sometimes helpful. The jury found that Howard had been forced to live under extreme conditions for a period of two years. If, as appellants assert, no previous case law specifically declares these confinement conditions to be violative of the eighth amendment, *Hutto* expresses strong general sentiments that they are. It should have been apparent to a reasonable person that the conduct in question was impermissible. Appellants are therefore not entitled to plead good faith as a defense to liability.

The judgment of the district court is affirmed.