Kinsey GORDON, James Samuel Draper, Jr., William Lee Carr, Kevin Daniel Ross, Troy A. Mintle, Shawn E. Foster, Harry J. Perkins, Thomas D. Overton, Charles Anthony McCullough, John E. Zane, Plaintiffs,

v.

Steve FABER, Defendant.

Nos. C 90–0044 to C 90–0047, C 90–0061 to C 90–0063, C 90–0087, C 90–0097, and C 90–0135.

United States District Court, N.D. Iowa, Cedar Rapids Division.

June 25, 1992.

Anna Wirt O'Flaherty, Cedar Rapids, Iowa, for plaintiffs.

Kristin Ensign, Asst. Atty. Gen., Des Moines, Iowa, for defendant.

## SUPPLEMENTAL FINDINGS UPON REMAND FROM THE EIGHTH CIRCUIT COURT OF APPEALS

JARVEY, United States Chief Magistrate Judge.

This matter comes before the court pursuant to an May 1, 1992 order of the United States Court of Appeals for the Eighth Circuit remanding this case for further findings. On September 10, 1991, this court conducted a trial on the merits of this case at the Iowa Men's Reformatory at Anamosa, Iowa. On November 5, 1991, the court issued findings of fact and conclusions of law and entered judgment in favor of plaintiffs Gordon, Carr, Ross and Mintle, and against plaintiffs Draper, Overton, McCullough, Zane and Foster. The defendant appealed the decision. On May 1, 1992, the Court of Appeals remanded the case and directed that the court make further findings. On June 2, 1992, the court heard oral argument on this issue. The plaintiffs were represented by Anna Wirt

O'Flaherty and the defendant was represented by Assistant Attorney General Kristin Ensign. The court makes the following additional findings.

## FINDINGS OF FACT

The deprivation of hats and gloves to inmates exercising in LUD–3 on February 27, 1990 was "extreme" and denied these inmates the "minimal civilized measure of life's necessities." Several facts contribute to the court's finding that the deprivation was extreme. First, the temperature itself made the denial extreme. The sub-freezing temperatures are recorded in this court's order of November 5, 1991. It was a windy, cold, overcast day (Tr. 115, 130). It was cold enough that inmates locked up in solitary confinement were willing to forego exercise based on their knowledge of the weather gained through radio weather reports (Tr. 129). Lt. Faber recognized the effect of sub-freezing temperatures upon inmates forced to exercise without hats and gloves as he fabricated testimony suggesting that the temperature was above the freezing mark.

The deprivation here was extreme because of the length of time the inmates were subjected to extreme weather conditions without minimal protection from the elements. The institution was obviously aware of the need for these items as it had made them available. It had made a heavy coat, thick gloves and a thick hat available to the guard supervising these inmates who took advantage of this protection (Tr. 84, 100, 103, 118). It was extreme because inmates complained of the cold to the guard who supervised them (Tr. 85, 91), but the guard stated that there was nothing he could do about it as Lt. Faber had made the order (Tr. 50, 52, 54). The state has consistently argued that the inmates' ability to exercise and use recreational equipment in the exercise pen was sufficient to keep them warm. However, the painted steel "dip bars" in the exercise pen would afford little comfort to a prisoner who had been denied gloves.

The deprivation was extreme because it caused the inmates to suffer pain and suffer it needlessly. The inmates described sensations of pain (Tr. 131), numb hands, hurt ears (Tr. 99), a feeling of being "frozen" and numb (Tr. 125), and an inability to write after the incident (Tr. 96). They complained of the cold when they got in and also described their condition as frostbite (Tr. 42, 46, 63). They were threatened with disciplinary proceedings for complaining about the deprivation of hats and gloves (Tr. 97, 101, 106, 119). The lack of objective medical evidence supporting a finding of frostbite is not surprising because hours passed before they were examined by a nurse (Tr. 123). She also participated in the threats of disciplinary action.

These inmates were denied the minimal civilized measure of life's necessities on February 27, 1990. There can be no doubt that clothing in general is considered a basic requirement for civilized life. The conditions set forth above show that inmates forced against their will to endure extreme climate conditions should be given some civilized measure of protection against the elements. While many courts have properly refused to find Eighth Amendment deprivations for inmates deprived of clothing while in their cells, these cases involve injury that can best be described as some degree of humiliation and not the infliction of significant pain which was present here. This court is well aware of the wide latitude that must be accorded prison officials and the fact that prisons need not be run like country clubs. If this court did not believe factually that the inmates had suffered pain and that this pain would have been suffered by anyone in their position, this court would have found in favor of the defendant. This case is different. It involves the senseless infliction of pain.

## CONCLUSIONS OF LAW

The Eighth Circuit's May 1, 1992 order directs this court to:

clarify its findings as to whether the objective component of cruel and unusual punishment has been satisfied in light of the Supreme Court's recent decisions in *Hudson v. McMillian,* [— U.S. —,

——-——] 111 [112] S.Ct. 995, 999–1000 [117 L.Ed.2d 156] (1992) (to establish objective component of a conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"), and *Wilson v. Seiter,* [—— U.S. ——, ——] 111 S.Ct. 2321, 2324 [115 L.Ed.2d 271] (1991) (same).

◼ Both *Hudson* and *Wilson* refer to the earlier decision in *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1980), in which the Court discussed the objective requirement in greater detail. In *Rhodes,* the Court set forth the following objective standard to be applied to conditions-of-confinement cases:

Conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment. In *Estelle v. Gamble* [429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)] ... we held that the denial of medical care is cruel and unusual because, in the worst case, it can result in physical torture, and, even in less serious cases, it can result in pain without any penological purpose. In *Hutto v. Finney,* [437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)] the conditions of confinement in two Arkansas prisons constituted cruel and unusual punishment because they resulted in unquestioned and serious deprivations of basic human needs. Conditions other than those in *Gamble* and *Hutto,* alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities.... But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

*Id.* 452 U.S. at 347, 101 S.Ct. at 2399 (citations omitted). The infliction of punishment "totally without penological justification" may constitute an eighth amendment violation. *Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir.1989) (quoting *Martin v. White,* 742 F.2d 469, 474 (8th Cir.1984)).

The determination of what constitutes cruel and unusual punishment depends upon evolving standards of decency. *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). Any analysis of confinement conditions must be based on the totality of the circumstances. *Howard,* 887 F.2d at 137. The Eighth Circuit has summarized the standard as follows:

There is no static test for determining whether conditions of confinement are cruel and unusual. The Eighth Amendment must draw its meaning from the evolving standards of decency that mark the process of a maturing society. *Rhodes,* 452 U.S. at 346, 101 S.Ct. at 2399. Whether conditions at a specific prison are unconstitutional necessitates a factual inquiry about the specific conditions at that facility.

*Patchette v. Nix,* 952 F.2d 158, 163 (8th Cir.1991); *see also Johnson v. Boreani,* 946 F.2d 67, 70 (8th Cir.1991) (citing *Rhodes* standard); *Cody v. Hillard,* 830 F.2d 912, 913 (8th Cir.1987) (same); *Tyler v. Black,* 811 F.2d 424, 431 (8th Cir.1987) (same). The Eighth Circuit has applied this standard to clothing cases on several occasions. *See Rodgers v. Thomas,* 879 F.2d 380, 384 (8th Cir.1989) (forcing inmate to remain in isolation for five days with only socks and underwear "served no justifiable penological objective and was a punitive measure," but did not amount to eighth amendment violation); *Rust v. Grammer,* 858 F.2d 411, 414 (8th Cir.1988) (clothing deprivations permissible where legitimate risk of fire hazard was evident); *Johnson v. Williams,* 788 F.2d 1319, 1321, 1325 (8th Cir.1986) (clothing deprivations permissible where prison legitimately feared that inmate would use the clothing to flood urinals); *Maxwell v. Mason,* 668 F.2d 361, 363 (8th Cir.1981) (eighth amendment violation found where the inmate was placed in solitary confinement for 14 days with only undershorts and one mattress).

◼ The court has considered the defendant's acts in light of the standard set forth in *Rhodes, Wilson,* and *Hudson,* and its underlying rationale. The court is well aware that "the Eighth Amendment leaves

very broad latitude to the states in the administration of their prisons." *Cody v. Hillard,* 830 F.2d 912, 913 (8th Cir.1987). The court is also aware, however, that "[p]ersons are sent to prison as punishment, not *for* punishment." *Tyler v. Black,* 811 F.2d 424, 435 (8th Cir.1987) (quoting *Battle v. Anderson,* 564 F.2d 388, 395 (10th Cir.1977)).

Plaintiffs assert that defendant violated their Eighth Amendment right to be free from cruel and unusual punishment by ordering them outside in sub-freezing weather without hats or gloves for over one hour. As this court stated in its original November 5, 1991 order in this case, adequate clothing is one of the necessities of life of which prison officials cannot deprive an inmate. *Maxwell v. Mason,* 668 F.2d 361, 365 (8th Cir.1981); *Knop v. Johnson,* 667 F.Supp. 467, 475 (W.D.Mich.1987). Prison officials violate the Constitution when they provide inmates with clothing that is "patently insufficient to protect [them] from the cold in the winter months." *Balla v. Idaho St. Bd. of Corrections,* 595 F.Supp. 1558, 1575 (D.Idaho 1984). As the *Knop* court summarized,

> Inmates exposed to harsh winter conditions without proper winter clothing may indeed suffer "inflictions of pain" that are "totally without penological justification," in violation of the Eighth Amendment.

*Knop,* 667 F.Supp. at 475.

 As noted in this court's order of November 5, 1991, no penological objective was served by Lt. Faber's order to deny hats and gloves. The court readily acknowledges that this action is not as harmful as whipping inmates for minor offenses or administering "electrical shocks to various sensitive parts of an inmate's body," see *Cody v. Hillard,* 830 F.2d 912, 915 (8th Cir.1987) (quoting *Hutto v. Finney,* 437 U.S. 678, 681–84, 98 S.Ct. 2565, 2568–70, 57 L.Ed.2d 522 (1978)). Nevertheless, the actions taken by the defendant against the plaintiffs were totally unjustified and amounted to the intentional infliction of pain. The lack of legitimate penological interest is relevant to the determination of whether the objective standard has been violated. *See Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir.1989). This case therefore is quite unlike *Rust v. Grammer,* 858 F.2d 411, 414 (8th Cir.1988) and *Johnson v. Williams,* 788 F.2d 1319, 1321, 1325 (8th Cir.1986), where the circuit court upheld clothing deprivations to prevent legitimate risks of fire and unruly behavior.

The court recognizes that the defendant's lack of penological purpose is not, however, conclusive. *See Rodgers v. Thomas,* 879 F.2d 380, 384 (8th Cir.1989) (citing *Maxwell,* 668 F.2d at 364 n. 9). It is but one factor to consider when viewing the totality of the circumstances surrounding the deprivation. When these circumstances are considered, including the ready availability of the hats and gloves and the defendant's callous refusal to provide them to the plaintiffs, the court is convinced that an eighth amendment violation has occurred.

Upon the foregoing,

IT IS ORDERED.