Andrew WILSON, Plaintiff,

v.

**STATE OF KANSAS, Mike Hayden, Governor; Roger Endell, Secretary of Corrections; Steven J. Davies, Director of Kansas State Penitentiary, Defendants.**

No. 89–3356–DES.

United States District Court,
D. Kansas.

March 17, 1993.

Henry O. Boaten, Junction City, KS, for plaintiff.

John W. Campbell, Office of the Atty. Gen., Topeka, KS, for defendants.

### *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on motions to dismiss filed on behalf of defendants (Docs. 7, 14). Plaintiff has filed a response (Doc. 11), and this matter is now ripe for review.

The events in question in this action took place while plaintiff was incarcerated at the Kansas State Penitentiary, Lansing, Kansas, now known as the Lansing Correctional Facility. Plaintiff alleges that during March 1987, a number of inmates at that facility conspired to blackmail him. Plaintiff reported this scheme to authorities and requested protection from these inmates. On or about August 21, 1987, plaintiff was assaulted by another inmate and sustained injuries. On or about October 24, 1987, plaintiff was placed in protective custody pursuant to his request. In protective custody, plaintiff was assaulted by his cellmate, and plaintiff alleges this placement was not proper.

Plaintiff names as defendants the State of Kansas and the Governor, the Secretary of the Kansas Department of Corrections, and the Director of the Kansas State Penitentiary.

### Discussion

■ First, to the extent plaintiff seeks to sue the State of Kansas, his claims must be dismissed based on Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment consistently has been applied to bar suits against a state by citizens of the same state. *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986).

Similarly, to the extent plaintiff seeks damages from state officials in their official capacities, the Eleventh Amendment bars his suit. In such circumstances, the action is essentially one against the state, and is tantamount to a suit seeking a monetary recovery from the state. *See Kentucky v. Graham,* 473 U.S. 159, 165–68, 105 S.Ct. 3099, 3105–07, 87 L.Ed.2d 114 (1985).

The record shows that defendants Hayden and Davies have received personal service. However, it appears defendant Endell has not received service in his personal capacity, and all claims against this defendant are dismissed on grounds of Eleventh Amendment immunity.

■ The decision of the Supreme Court in *Will* did not change the rule that state officials can be sued in their individual capacities in federal court for money damages, and it is clear such defendants are "persons" suable under § 1983. *See Hafer v. Melo,* —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Accordingly, defendants Hayden and Davies are properly before the court. The court therefore next considers the motion of these defendants for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 14). Plaintiff proceeds against these defendants on a theory that his injuries are directly attributable to "the negligent operation of the state prison, and the negligent hiring, training and supervision of the prison officers under the control of the named defendants." (Doc. 12.)

■ First, to the extent plaintiff asserts civil rights claims against these defendants on a theory of respondeat superior, his claims fail. Respondeat superior will not support liability for deprivation of civil rights. *Smith v. Maschner,* 899 F.2d 940, 950 (10th Cir.1990).

■ Next, while some courts have held that reckless disregard on the part of a supervisory official may be sufficient to impose liability, this standard "requires 'more than mere negligence yet less than malicious or actual intent.'" *Howard v. Adkison,* 887 F.2d 134, 138 (8th Cir.1989) (quoting *Miller v. Solem,* 728 F.2d 1020, 1025 (8th Cir.), *cert. denied,* 469 U.S. 841, 105 S.Ct. 145, 83 L.Ed.2d 84 (1984)). Rather, a supervisor may be liable where there is a complete failure to train subordinate employees or where the training offered is so reckless or grossly negligent that future misconduct is nearly inevitable. *See Meade v. Grubbs,* 841 F.2d 1512, 1528 (10th Cir.1988) (citing *Hays v. Jefferson County,* 668 F.2d 869, 873–74 (6th Cir.), *cert. denied,* 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982)).

■ Here, not only has plaintiff alleged mere negligence by supervisory officials, he has not specifically identified any action by corrections officials which might support a claim of a failure to train. A supervisor cannot be liable in either an official or individual capacity in the absence of some affirmative link between the alleged constitutional violation and the supervisor's exercise of control or a failure to supervise. *McKay v. Hammock,* 730 F.2d 1367, 1374 (10th Cir. 1984) (quoting *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976)). *Compare Miller v. Glanz,* 948 F.2d 1562, 1568 (10th Cir.1991) (reinstating a claim against supervisory officials challenging their policy

and procedure decisions because of its order remanding for consideration of a claim alleging excessive force by defendant jail officers). *See also Rock v. McCoy,* 763 F.2d 394, 396 (10th Cir.1985) (alleging defendant police officers used excessive force in arrest due to city's failure to properly train).

After carefully considering the motion to dismiss, the court concludes plaintiff has failed to state a claim on which supervisory liability may be found under 42 U.S.C. § 1983.

Plaintiff also asserts defendants are liable under 42 U.S.C. § 1985(3). The elements of a complaint under § 1985(3) are well-settled.

> To come within the legislation a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

*Phelps v. Wichita Eagle–Beacon,* 886 F.2d 1262, 1272 (10th Cir.1989) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)).

A review of these elements persuades the court plaintiff's complaint does not state a claim under § 1985(3). Plaintiff has alleged no intent to deprive him of his rights under the Equal Protection Clause, and the court concludes this claim must therefore be dismissed.

IT IS THEREFORE ORDERED the defendants' motions to dismiss are granted.