**Keith B. CAMPBELL–EL, Plaintiff,**

v.

**DISTRICT OF COLUMBIA,
et al., Defendants.**

**Civ. A. No. 94–543.**

United States District Court,
District of Columbia.

March 31, 1995.

Myles V. Lynk, Martha Jeanet Talley, and James Patrick West, Dewey Ballantine, Washington, DC, for plaintiff.

Richard Stuart Love, Jacques Philippe Lerner, and Paul Klein, Office of Corp. Counsel, District of Columbia, Washington, DC, for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendants' supplemental motion to dismiss the remaining Eighth Amendment Claims alleged in Plaintiff's Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).[1] Plaintiff is a District of Columbia prisoner who is presently incarcerated in the Medium Security Facility at Lorton Correctional Complex. Plaintiff's claims involve the period between August 1993 and June 14, 1994, during which he was incarcerated in the Maximum Security Facility at Lorton in Cellblock 5 due to his request for protective custody.

In an opinion dated December 23, 1994, the Court denied Defendants' first Rule 12(b)(6) motion with respect to several of Plaintiff's Eighth Amendment claims because Defendants had failed adequately to address them. Defendants now seek to address these remaining claims. Specifically, Plaintiff claims that while he was incarcerated at the Maximum Security Facility his access to reading materials was severely restricted, he received inappropriate winter clothing for purposes of his one hour period of outdoor recreation, and he was not allowed to engage in work. Defendants contend that Plaintiff's allegations, even if true, fail to state a claim for cruel and unusual punishment in violation of the Eighth Amendment.

## VALIDITY OF SECOND MOTION TO DISMISS PURSUANT TO 12(B)(6)

■ Plaintiff contends that Fed.R.Civ.P. 12(g) bars Defendants from filing this second motion to dismiss pursuant to 12(b)(6). Pursuant to the relevant section of Rule 12(g), if a party makes a motion under Rule 12 "but omits therefrom any defense or objection then available to the party which the rule permits to be raised by motion, the party shall not thereafter make a motion based on a defense so omitted, ..." Fed.R.Civ.P. 12(g).

While Defendants' renewed motion runs counter to this provision, in order to avoid

undue delay the Court in its sound discretion will entertain the Defendants' renewed motion. This is not a case where the Defendants are repeating arguments on which the Court has already substantively ruled. The Court denied the first motion to dismiss with respect to these particular Eighth Amendment claims because the issues had not been addressed adequately.

## MOTION TO DISMISS STANDARD

■ In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true each of the allegations in the complaint. The motion should not be granted unless it appears that the Plaintiff can prove no set of facts entitling him to the relief sought in the complaint. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## ANALYSIS AND DECISION

The Eighth Amendment provides, "Excessive bail shall not be required, ... nor cruel and unusual punishments inflicted." U.S. Constit.Amend. VIII. The Supreme Court set forth the standards for analyzing cruel and unusual punishment claims in *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The Court invoked a two prong analysis. The first prong is the objective inquiry as to whether the prisoner was deprived "of the minimal civilized measure of life's necessities." *Id.* at 298, 111 S.Ct. at 2324. The second prong is a subjective test—the Plaintiff must demonstrate that the prison officials acted with at least deliberate indifference. *Id.* at 298–304, 111 S.Ct. at 2324–27.

■ The Eighth Amendment prohibits punishment that is "totally without penological justification." *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The Eighth Amendment protections extend to both the physical and mental well-being of the prisoner. *Wright v. McMann,* 387 F.2d 519, 526 (2d Cir.1967).

---

**1.** Pursuant to Rule 12(b)(6), a Defendant may assert as a defense the failure of the Plaintiff to

state a claim upon which relief can be granted.

44

Combinations of various conditions can give rise to an Eighth Amendment violation where each condition itself would not so rise. *Wilson,* 501 U.S. at 304–05, 111 S.Ct. at 2327. Under certain circumstances, a lack of exercise and inadequate clothing can give rise to Eighth Amendment claims. *See, e.g., Knop v. Johnson,* 977 F.2d 996, 1012 (6th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1415, 122 L.Ed.2d 786 (1993); *Gordon v. Faber,* 800 F.Supp. 797, 800 (N.D.Iowa 1992), *aff'd.,* 973 F.2d 686 (8th Cir.1992).

■ The context in which such deprivations arise is critical to the analysis of whether a prisoner has been subjected to cruel and unusual punishment. Defendants contend that Plaintiff's pleading does not meet the requirements of the objective and subjective tests for a valid Eighth Amendment claim. The mere denial of access to certain clothing or reading materials or the opportunity to work does not on its face set forth cruel and unusual punishment. More is required. To hold otherwise would trivialize the Eighth Amendment. It would mean that failing to provide adequate clothing on a small number of occasions would bring into play litigation under the Eighth Amendment. Courts would be flooded with such litigation and prison officials would be severely handicapped in prison management. To state an Eighth Amendment claim, the complaint must spell out what deprivations the prisoner has been subjected to and the extent and severity of the deprivations. The prisoner in this case has made no such showing and the defendants are entitled to have their motion sustained.

By this ruling, the Court is not announcing a heightened pleading standard. Rather, to state a claim, the Plaintiff must allege facts that, if proven to be true, show that the nature and extent of the deprivations, either alone or in combination subjected Plaintiff to cruel and unusual punishment.

An appropriate order accompanies this memorandum opinion.

## ORDER

This matter comes before the Court on Defendants' supplemental motion to dismiss the remaining Eighth Amendment Claims alleged in Plaintiff's Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Based on the foregoing memorandum opinion, the Court hereby **ORDERS** that Defendants' supplemental motion to dismiss the remaining Eighth Amendment claims be **GRANTED without prejudice.**