105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell JOHNSON, Plaintiff-Appellant,
v.
John RATELLE, Warden, Defendant-Appellee.
 No. 95-55905.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.
Decided Dec. 19, 1996.
 
 Before BROWNING, THOMPSON and THOMAS, Circuit Judges
 MEMORANDUM*
 The parties are familiar with the facts of this case and we will not restate them here. We review the district court's ruling upon a motion for reconsideration for abuse of discretion. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994). The district court appropriately granted a motion for reconsideration on the basis of extraordinary circumstances pursuant to Fed.R.Civ.P. 60(b) because Johnson obtained counsel "so soon after the grant of summary judgment." ER 83. Further, the district court did not abuse its discretion in allowing Johnson to submit new declarations in support of his motion. Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991), cert. denied, 506 U.S. 955, 113 S.Ct. 413, 121 L.Ed.2d 337 (1992).
 We review the district court's determination on the merits of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1984).
 We affirm the district court's grant of summary judgment in favor of Defendant Ratelle. Johnson failed to allege any specific facts establishing individual liability against Ratelle and cannot prevail as a matter of law on a theory of respondeat superior against an individual under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir.1993).
 We affirm the district court's grant of summary judgment in favor of Defendant Dresbach for the reasons stated in the district court's opinion.
 We reverse the district court's grant of summary judgment against Defendant Simms. Exposure to conditions which are demonstrably unsafe may violate the Eighth Amendment if an inmate can prove that the risk is so grave that it violates contemporary standards of decency to expose anyone unwillingly to such risk. Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 72 (1993). The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a substantial risk of serious damage to his future health. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1982, 128 L.Ed.2d 811 (1994). Courts have been especially cautious about condoning conditions that include an inmate's proximity to human waste. Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir.1990); Howard v. Adkison, 887 F.2d 134, 137 (8th Cir.1989). Sanitation is a "core area" of the Eighth Amendment. Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir.1980), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). Here, there remain genuine issues of material fact as to whether Simms exhibited deliberate indifference to the potential future health risks of exposing Johnson to sewage given his healing surgical wound. Accordingly, we reverse the grant of summary judgment in favor of Simms and remand for further proceedings.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3