MURPHY, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in the court’s well reasoned analysis of the pretrial detainees’ claims but write separately to address the claims of the convicted prisoners. While the district court addressed all plaintiffs as pretrial detainees, the complaint and briefs make clear that plaintiffs also include convicted prisoners.
Claims by convicted prisoners are analyzed under the Eighth Amendment. See Hott v. Hennepin Cty., 260 F.3d 901, 905 (8th Cir. 2001). To state an Eighth Amendment claim, “[a] prisoner must allege both that a deprivation of rights is ‘objectively, sufficiently serious,’ and that a state official is deliberately indifferent to inmate health or safety.” Zink v. Lombardi, 783 F.3d 1089, 1107 (8th Cir. 2015) (en banc) (per curiam) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). A deprivation is serious enough to satisfy the objective element only if it denies the prisoner “the minimal civilized measure of life’s necessities.” Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).
The “length of time the prisoner was subjected to the harsh confinement” is a “crucial factor” in determining whether a practice deprives a prisoner of life’s necessities. Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989); see also Hutto v. Finney, 437 U.S. 678, 686-87, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Deprivations of clothing may violate the Eighth Amendment, but not always. Rodgers v. Thomas, 879 F.2d 380, 384 (8th Cir. 1989).
Here, plaintiffs allege that jail officials have deprived them of clean clothing overnight between one and three times a week. They are sometimes left with only a bed sheet and blanket which are only intermittently washed. In the meantime they are not allowed to cover their cell windows and can be seen naked without their permission.
This claim is sufficient to satisfy the Eighth Amendment’s objective component. The responsible jail officials would have known this practice caused humiliation to inmates. The prisoners have alleged sufficient facts to state a claim for relief against the responsible officials.
For these reasons I concur in the court’s reversal of the dismissal of this action.