**Kinsey GORDON; William Lee Carr; Kevin Daniel Ross; Troy A. Mintle, Appellees,**

v.

**Steve FABER, Lt., Appellant.**

**No. 91–3731.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1992.

Decided April 29, 1992.

Kristin Wright Ensign, Des Moines, Iowa, argued (Bonnie J. Campbell and Kristin W. Ensign, on the brief), for appellant.

Anna Wirt O'Flaherty, Cedar Rapids, Iowa, argued (Anna Wirt O'Flaherty and Thomas J. O'Flaherty, on brief), for appellees.

**188**

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

McMILLIAN, Circuit Judge.

Lieutenant Steve Faber appeals from a final judgment entered in the United States District Court for the Northern District of Iowa, after a bench trial, finding him liable pursuant to 42 U.S.C. § 1983 for violating the rights of Kinsey Gordon, William Lee Carr, Kevin Daniel Ross, and Troy A. Mintle under the cruel and unusual punishments clause of the Eighth Amendment. *Gordon v. Faber,* No. C 90–0044, et al. (N.D.Iowa Nov. 5, 1991). Appellant is a security officer and appellees are inmates at the Iowa Men's Reformatory in Anamosa, Iowa. The district court assessed compensatory damages of $75.00 per appellee and ordered appellant to pay costs. Slip op. at 9. For reversal, appellant argues, among other things, that the district court clearly erred in finding that the deprivation suffered by appellees was sufficiently grave to meet the objective component of cruel and unusual punishment. We retain jurisdiction over this case and remand the case to the district court with directions. We direct the district court to clarify its findings as to whether the objective component of cruel and unusual punishment has been satisfied in light of the Supreme Court's recent decisions in *Hudson v. McMillian,* — U.S. ——, —— – ——, 112 S.Ct. 995, 999–1000, 117 L.Ed.2d 156 (1992) (to establish objective component of a conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"), and *Wilson v. Seiter,* — U.S. ——, ——, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (same).