Kinsey GORDON; William Lee Carr; Kevin Daniel Ross; Troy A. Mintle, Appellees,

v.

Steve FABER, Lt., Appellant.

No. 91–3731.

United States Court of Appeals, Eighth Circuit.

Submitted June 25, 1992.

Decided Aug. 31, 1992.

Kristin Wright Ensign, Des Moines, Iowa, argued (Bonnie J. Campbell and Kristin W. Ensign, on the brief), for appellant.

Anna Wirt O'Flaherty, Cedar Rapids, Iowa, argued (Anna Wirt O'Flaherty and

Thomas J. O'Flaherty, on the brief), for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

McMILLIAN, Circuit Judge.

Lieutenant Steve Faber, a security officer at the Iowa Men's Reformatory in Anamosa, Iowa, appeals from a final judgment entered in the United States District Court[1] for the Northern District of Iowa, after a bench trial, finding him liable under 42 U.S.C. § 1983 for violating the Eighth Amendment rights of inmates Kinsey Gordon, William Lee Carr, Kevin Daniel Ross, and Troy A. Mintle. *Gordon v. Faber*, 800 F.Supp. 793 (N.D.Iowa Nov. 5, 1991). The district court ordered appellant to pay damages in the amount of $75.00 per appellee. For reversal, appellant argues that the district court clearly erred in finding that his actions met the objective standard of Eighth Amendment cruel and unusual punishment. We remanded this case to the district court for the limited purpose of clarifying its finding as to whether the objective component of cruel and unusual punishment had been met in light of recent Supreme Court decisions, *Hudson v. McMillian*, —— U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (*Hudson*), and *Wilson v. Seiter*, —— U.S. ——, ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (*Wilson*). *Gordon v. Faber*, 963 F.2d 187 (8th Cir. 1992).

The district court made supplemental findings and again concluded that appellees' Eighth Amendment rights had been violated. *Gordon v. Faber*, 800 F.Supp. 797 (N.D.Iowa 1992) (supplemental findings upon remand). For the reasons discussed below, we affirm.

The facts of this case are set forth in detail in the district court's opinions.[2] The following is a brief summary. On February 27, 1990, appellant ordered all of the inmates in a segregated area, Living Unit D–third floor (LUD–3) of the Iowa Men's Reformatory, to be sent outdoors for exercise while guards searched LUD–3 for a weapon which was rumored to be present in that living area.[3] Because of their segregated status, the LUD–3 inmates were required to exercise in enclosed pens, where exercise was limited to basic calisthenics and walking. The exercise pens, measuring seven feet by twenty-one feet, provided no protection from the elements. The temperature outdoors that day was sub-freezing and the wind chill factor was significant.[4] Some of the inmates, including appellees, requested permission to forego exercise due to the cold weather. Their requests were denied. The inmates were provided hip-length lined denim coats. Each coat had pockets and a collar, but no hood. Despite the cold, appellant ordered the guards to deny all requests for hats and gloves, even though such items were readily available in the immediate area. Appellees were kept outdoors under these conditions for periods of time ranging from one hour to one hour and forty-five minutes. Upon returning indoors, many of the inmates, including appellees, complained about frostbite but were not seen by a nurse until several hours later.

The district court concluded that appellant acted with "deliberate indifference" when he ordered the LUD–3 inmates outdoors without hats and gloves on February 27, 1990, 800 F.Supp. at 796, and that the

---

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa, presiding by agreement of the parties. 28 U.S.C. § 636(c).

2. *Gordon v. Faber*, 800 F.Supp. at 794–95; *id.*, at 798.

3. Before the search of LUD–3, appellant also had the inmates strip-searched for the weapon.

4. Appellant testified at trial that he called the prison's powerhouse on the morning of February 27, 1990, and was told the temperature outside was 33 degrees Fahrenheit. The powerhouse log revealed, however, that the temperature that morning never reached 33 degrees. The district court did not believe that appellant ever called the powerhouse that morning. *Id.* at 795 (1991).

deprivation was "extreme" and denied the "minimal civilized measure of life's necessities." 800 F.Supp. at 798. We hold that the district court's findings are not clearly erroneous and that they support the conclusion that appellees' Eighth Amendment rights were violated. *See Hudson,* —— U.S. at ——–——, 112 S.Ct. at 999–1000; *Wilson,* —— U.S. at ——, ——–——, 111 S.Ct. at 2324, 2326–27.

We adopt the district court's thorough and well-reasoned analysis of this case. 800 F.Supp. at 798–800. Accordingly, we affirm the judgment of the district court.