Ronald D. CHANDLER, Appellant,

v.

Dick D. MOORE; James D. Purkett; Jerry Finch, Appellees.

No. 93–2764.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 4, 1993.

Decided Sept. 1, 1993.

848

Ronald D. Chandler, appellant pro se.

Missouri Atty. General's Office, for appellees.

Before FAGG, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Ronald D. Chandler, a Missouri prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Dick Moore, James Purkett, and Jerry Finch. We affirm in part and reverse in part, and remand to the district court for further consideration.

Chandler alleged that defendants violated his constitutional rights by providing a dining room too small to accommodate all the inmates of his housing unit at one time; by poorly supervising the noisy and chaotic dining room; by failing to provide enough salt and pepper shakers and cereal bowls to adequately serve all of the inmates; by failing to assure that the trays, utensils, and pitchers used by the inmates were properly cleaned; and by failing to always provide enough juice and tea. Chandler also alleged that he was often forced to wait outside in the rain or freezing cold without adequate protective clothing while other prisoners finished their meals. The district court dismissed the entire complaint as frivolous pursuant to 28 U.S.C. § 1915(d), and Chandler appeals.

We review a district court's dismissal of a complaint under section 1915(d) for an abuse of discretion. *Denton v. Hernandez,* — U.S. —, —, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). A court may dismiss a claim as frivolous only if "the facts alleged rise to the level of the irrational or the wholly incredible," *id.* — U.S. at —, 112 S.Ct. at 1733, or the claim is "based on an indisputably meritless legal theory," *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

We conclude that the district court did not abuse its discretion in dismissing Chandler's claims concerning the conditions of the dining room or the provisions provided therein. Chandler did not claim that he was denied a reasonably adequate diet and he failed to allege any facts to show that he was denied the "minimal civilized measure of life's necessities." *See Hudson v. McMillian,* — U.S. —, —, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).

We conclude, however, that the district court abused its discretion in dismissing as frivolous Chandler's claim that he was forced to stand outside in the rain and cold without adequate protective clothing. We have previously held that needlessly subjecting inmates to freezing weather without adequate protective clothing could amount to cruel and unusual punishment. *See, e.g., Gordon v. Faber,* 973 F.2d 686, 687 (8th Cir.1992). While the facts supporting this claim in Chandler's complaint are sketchy,

pro se complaints are entitled to a liberal construction, and we conclude that these allegations were sufficient to preclude section 1915(d) dismissal.

Accordingly, we affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this opinion.