Christopher MASONOFF, Sr., Robert Foster, and Anthony Smith, Plaintiffs,

v.

Larry DuBOIS, Lynn Bissonette, and Richard G.J. Grelotti, Defendants.

Civ. A. No. 94–10133–RCL.

United States District Court, D. Massachusetts.

May 24, 1994.

---

Christopher Masonoff, Sr., pro se.

Robert Foster, pro se.

Anthony Smith, pro se.

Ellen F. Keefe, Mass. Dept. of Corrections, Boston, MA, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LINDSAY, District Judge.

After reviewing the parties' motions, supporting memoranda and affidavits, and after hearing held on April 12, 1994, the court issues the following findings of fact and conclusions of law.

I. *Facts.*

Plaintiff Robert Foster is an inmate at Southeast Correctional Center ("SECC"). Plaintiffs Christopher Masonoff, Sr. and Anthony Smith were, until recently, inmates at SECC. All three plaintiffs moved for a temporary restraining order/preliminary injunction on February 10, 1994, when they were all confined at SECC.

The plaintiffs' motion principally concerns use of SECC's Central Recreation Room, commonly known as "the shanty." The shanty contains nine showers, ten toilets, three urinals and fourteen sinks. The inmates at SECC do not have toilets or running water in their cells. Rather, while in their cells, they must use portable chemical toilets and a pitcher of water. The only toilets and urinals available to the inmates are in the shanty.

Until last year, the shanty was open to the inmates for toilet use at all times. In 1993, the authorities at SECC restricted access to the shanty. In affidavits filed in support of the plaintiffs' motion, several inmates attested to the fact that they had been denied access to the shanty for toilet use.

The Superintendent of SECC, Lynn Bissonette, states in an affidavit that "[f]or security reasons, except during the ten (10) minute movement period, the door to the Shanty is locked. An officer is assigned to that door so that inmates may gain access to use the toilets/urinals in the Shanty at any time." Thus, according to the defendants, there is no problem of access to the shanty for toilet use.

The court does not question that the Superintendent has ordered that access to the shanty be allowed at any time. There is evidence, however, that those orders have not been executed faithfully. At the hearing on April 12, 1994, Mr. Foster represented to the Court that certain correctional officers at SECC continue to bar some inmates, including Mr. Foster, from using the toilets in the shanty. According to the plaintiffs, the shanty door is kept locked, and inmates must knock on the door in order to gain entrance to use the toilets. Some correctional officers refuse to open the door for some inmates.

In the affidavits, there is evidence that at least one inmate suffered the indignity of urinating upon himself as a result of an officer's refusal to open the shanty door. Another reported that after being denied access, he suffered pain and discomfort for thirty-five minutes until he could relieve himself in his cell.

The defendants were unable at the hearing to refute the claim that there are some officers at SECC who do not follow the orders of the Superintendent.

II. *Discussion of the Law.*

The plaintiffs must show the following in order for a preliminary injunction to issue: (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is not granted; (3) an outweighing of any harm which the injunction would inflict on the defendants; and (4) that the public interest will not be adversely affected by the granting of the injunction. *Jackson v. Fair*, 846 F.2d 811, 814–815 (1st Cir.1988).

The plaintiffs make their claim under the Eighth Amendment of the Constitution of the United States—the amendment which proscribes cruel and unusual punishment. The Court is persuaded that the plaintiffs have shown a likelihood of success on the merits of the objective aspect of their Eighth Amendment claim, which is the subject of the motion for a preliminary injunction. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, — U.S. —, —, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). An Eighth Amendment claim has "both an objective component (was there a sufficiently serious deprivation?) and a subjective component (was the deprivation brought about in wanton disregard of the inmate's rights?)." *DesRosiers v. Moran*, 949 F.2d 15, 18 (1st Cir.1991), citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324–25, 115 L.Ed.2d 271 (1991). As to the objective component, a court must measure the challenged conditions of confinement against "the evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346,

101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981), *quoting Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958). Those prison conditions which "deprive inmates of the minimal civilized measure of life's necessities" constitute objective violations of the Eighth Amendment's prohibition of cruel and unusual punishment. *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399. *See Wilson,* 501 U.S. at 298–99, 111 S.Ct. at 2324 (1991).

■ Having a sanitary place to dispose of one's bodily waste is one such "minimal civilized measure of life's necessities." The United States District Court for the District of Massachusetts has held that "[a]n inmate's constitutional right to adequate and hygienic means to dispose of his bodily wastes [is] clearly established." *Strachan v. Ashe,* 548 F.Supp. 1193, 1205 (D.Mass.1982). The same court, in finding an Eighth Amendment violation, has also noted the health hazards brought about by the "[d]eprivation of elementary sanitary facilities." *Bel v. Hall,* 392 F.Supp. 274, 277 (D.Mass.1975). *See also DiMarzo v. Cahill,* 575 F.2d 15 (1st Cir. 1978), *cert. denied,* 439 U.S. 927, 99 S.Ct. 312, 58 L.Ed.2d 320 (1978).

The plaintiffs have presented evidence that some inmates have been barred from the shanty—the one place at the entire prison which has flush toilets available to inmates. These inmates, when they are out of their cells, are left with no place to deposit their bodily waste. The Constitution does not permit prison officials to force inmates to undergo such indignities. The plaintiffs have thus shown a likelihood of success on the question of whether the defendants' "alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian,* —— U.S. ——, ——, 112 S.Ct.

995, 999, 117 L.Ed.2d 156 (1992), *citing Wilson v. Seiter,* 501 U.S. at 307–09, 111 S.Ct. at 2329.

■ The Court concludes, however, that there is not presently sufficient evidence to find that the plaintiffs are likely to succeed in their claim that the defendants acted "with a sufficiently culpable state of mind" to satisfy the subjective requirement necessary to establish an Eighth Amendment violation. *Hudson,* —— U.S. at ——, 112 S.Ct. at 999, *citing Wilson v. Seiter,* 501 U.S. at 302, 111 S.Ct. at 2326. The defendants' mental state must amount to "deliberate indifference." *Wilson v. Seiter,* 501 U.S. at 302–03, 111 S.Ct. at 2326–2327. To show "deliberate indifference," the plaintiffs must show that the officials have "actual knowledge of impending harm, easily preventable." *DesRosiers,* 949 F.2d at 19. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992).

While there is evidence that Superintendent Bissonette's orders are not being carried out by the correctional officers under the Superintendent's charge, there has not been a sufficient showing that the Superintendent or the other defendants have actual knowledge that this is the case.[1] Accordingly, the Court will not order injunctive relief to the plaintiffs at this time. The representations made in affidavits and otherwise in connection with the present motion are sufficient, however, to put the defendants on notice that Superintendent Bissonette's order to provide full access to the shanty is not being diligently carried out. The court will take into consideration, in any future motion for injunctive relief regarding access to the shanty, that the defendants have had such notice.

---

1. In *Wilson, supra,* the Supreme Court did not make it clear whether, when an official is sued in his or her official capacity, the plaintiff must show that the individual acted with deliberate indifference, or whether it is enough if the plaintiff shows that the institution collectively acted with deliberate indifference. As Justice White, in his concurring opinion stated, "Inhumane prison conditions often are the result of cumulative actions and inactions by numerous officials inside and outside a prison, sometimes over a long period of time. In those circumstances, it is far from clear whose intent should be examined....

In truth, intent simply is not very meaningful when considering a challenge to an institution, such as a prison system." *Wilson,* 501 U.S. at 310, 111 S.Ct. at 2330 (White, J., concurring in the judgment). In the absence of briefing of this question, the Court will exercise caution with respect to the present motion and require that the plaintiffs show that at least one of the defendants acted with deliberate indifference. The Court does not rule out the possibility, after a fuller examination of this question, that it would rule that a showing of institutional deliberate indifference is a sufficient basis for relief.

■ Accordingly, the plaintiffs' motion for a preliminary injunction is DENIED without prejudice to their refiling the motion should access to the shanty be denied in the future. The plaintiffs' motion for a preliminary injunction ordering the defendants to provide warm-weather clothing is also DENIED without prejudice.[2]

---

**2.** Regarding the plaintiffs' claim of exposure to cold weather without adequate protective clothing, the Court concludes that the matter is moot for the present, in that winter is now behind us. As this case is likely to be pending next winter, some discussion may be helpful to guide the defendants in their conduct. In *Chandler v. Moore*, 2 F.3d 847 (8th Cir.1993), the Eighth Circuit ruled that the district court had abused its discretion in dismissing as frivolous the plaintiff's claim that he was forced to stand outside in the rain and cold without adequate protective clothing. The court stated that "needlessly subjecting inmates to freezing weather without adequate protective clothing could amount to cruel and unusual punishment." *Id.* at 848. In *Gordon v. Faber*, 973 F.2d 686 (8th Cir.1992), the Eighth Circuit affirmed a judgment finding that a prison security officer had acted with deliberate indifference in ordering inmates outdoors in subfreezing temperatures without hats and gloves. This Court thus considers deprivation of adequate cold weather gear to meet the objective aspect of cruel and unusual punishment.