George A. SARRO, Jr.,
Plaintiff, Pro Se,

v.

ESSEX COUNTY CORRECTIONAL
FACILITY, Defendant.

No. Civ.A. 98–12204–REK.

United States District Court,
D. Massachusetts.

Jan. 6, 2000.

George A. Sarro, Jr., Middleton, MA, plaintiff pro se.

John J. Davis, Pierce, Davis, Fahey & Perritano, LLP, Boston, MA, William P. Breen, Jr., Pierce, Davis, Fahey & Perritano, Boston, MA, William P. Breen, Jr., Pierce, Davis, Fahey & Perritano, LLP, Boston, MA, for Essex County Correctional Facility, defendant.

### Memorandum and Order

KEETON, District Judge.

### I.

Pending before the court is Defendant's Motion for Summary Judgment (Docket No. 10, filed August 11, 1999), with attached Affidavit, Memorandum in Support (Docket No. 11, filed August 11, 1999), and Statement of Facts of Record as to Which There Is No Genuine Issue to be Tried (Docket No. 12, filed August 11, 1999).

Also pending before the court are Plaintiff's Motion for Writ of Habeas Corpus Ad Prosequendam (Docket No. 7, filed April 15, 1999) and Plaintiff's Motion for a Continuance (Docket No. 8, filed April 15, 1999).

### II. Procedural History

Plaintiff filed a document titled "Affidavit (Statement of Facts)" in the Essex County Superior Court on or about August 31, 1998, which that court treated as a civil complaint and designated it as Civil Action No. 98–1639D. Defendant removed the action to this court, and the Clerk of this court received the file containing the state court documents on October 29, 1998.

### III. The Merits

#### A. Introduction

The defendant moves this court to dismiss this civil action on several grounds.

First, defendant alleges that plaintiff has failed to satisfy two of the statutory prerequisites to his civil rights claim as those prerequisites are stated in the Prisoner Litigation Reform Act of 1995, 42 U.S.C. § 1997e.

Second, defendant argues that the complaint fails as a matter of law to state a valid claim under 42 U.S.C. § 1983.

Third, defendant argues that plaintiff has not adequately pled and cannot make out, as a matter of law, a negligence claim under the Massachusetts Tort Claims Act.

This court should grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the court determines that no genuine dispute of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant satisfies this burden, then the non-movant must "demonstrate, through specific facts, that a trialworthy issue remains." *Cadle Co. v. Hayes,* 116 F.3d 957, 960 (1st Cir.1997).

Issues of fact are in "genuine" dispute if they "may reasonably be resolved in favor of either party." *Id.* Facts are "material" if they possess "the capacity to sway the outcome of the litigation under the applicable law." *Id.* The facts in genuine dispute must be significantly probative in order for the court to deny summary judgment;

"conclusory allegations, improbable inferences, and unsupported speculation will not suffice." *Id.*

## B. § 1983 Claim

### 1. Exhaustion of Administrative Remedies

Defendant argues that this civil action should be dismissed because plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. Section 1997e provides, in pertinent part:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Defendant proffers the affidavit of William Center, the custodian of records, to support the propositions that grievance procedures were available and that plaintiff failed to file a grievance through the grievance procedures provided by the Essex County Sheriff's Department. Docket No. 10, Exh. A. Defendant argues that plaintiff did not "dispute this failing in response to the defendant's previous motion to dismiss." Docket No. 11 at 5.

■ Defendant's assertion that plaintiff has not disputed defendant's allegations about plaintiff's failure to utilize the prison grievance system is not supported by the record. In plaintiff's letter dated January 7, 1999, and received by the Clerk on January 26, 1999, plaintiff asserts that staff at the Essex County Correctional Facility ("ECCF") refused him "any chance to use the grievance steps." Docket No. 5 at 1. Plaintiff alleges that he requested grievance forms both orally and in writing on numerous occasions and was denied them by various prison officers. *Id.*

These factual assertions that plaintiff proffers through his letter of January 7, 1999, raise a genuine dispute of material fact as to plaintiff's exhaustion of administrative remedies before bringing suit in this court. Defendant's motion to dismiss on this ground fails as a matter of law.

### 2. Physical Injury

■ Defendant argues that this civil action should be dismissed because plaintiff has not alleged that he suffered any physical injury as a result of alleged wrongful acts by defendant or its agents. Defendant refers the court to Section 1997e of Title 42:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Defendant alleges that plaintiff has not satisfied this provision of the statute. Although plaintiff alleges in his complaint that he was not "breathing normally" during the period the cell windows were shut, and that he needed to use his inhaler to help him breathe normally, he does not allege that he suffered any physical injury within the meaning of the statute as a result of the period during which the windows were closed. Nor has he alleged any facts since the filing of the original complaint concerning physical injuries he suffered as a result of the restricted airflow. For this reason, as well as for the reasons outlined below, this civil action is subject to dismissal.

### 3. Eighth Amendment Claim

Defendant argues that, even if it is assumed *arguendo* that plaintiff had complied with the requirements of Section 1997e, plaintiff cannot make out a valid claim under 42 U.S.C. § 1983. Defendant cites precedent to support its argument that plaintiff does not allege a harm sufficiently serious to violate the prohibition of cruel and unusual punishment embodied in the Eighth Amendment to the United States Constitution.

■ Treatment of prison inmates and the conditions of their confinement "are subject to scrutiny under the Eighth Amendment", prohibiting cruel and unusual punishment. *Masonoff v. DuBois,* 853 F.Supp. 26, 28 (D.Mass.1994) (citations omitted). Eighth Amendment claims have two components, an objective and a subjective component. *Id.* The objective component concerns whether the inmate suffered a "sufficiently serious deprivation." *Id.* The subjective component concerns whether the deprivation was "brought about in wanton disregard of the inmate's rights." *Id.*

■ Under the objective component, "a court must measure the challenged conditions of confinement against the evolving standards of decency that mark the progress of a maturing society." *Id.* (citations omitted). Prison conditions that deprive inmates of the "minimal civilized measure of life's necessities" are violations of the objective component of the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* at 29 (citations omitted).

■ To satisfy the subjective component, plaintiffs are required to show that the officials acted "with a sufficiently culpable state of mind." *Id.*

■ When examining the treatment of prison inmates under these Eighth Amendment standards, a court must give great deference to prison administrators on matters of "prison safety, security and discipline." *Wood v. Clemons,* 89 F.3d 922, 928 (1st Cir.1996), citing *Bell v. Wolfish,* 441 U.S. 520, 547–48, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Wolfish,* 441 U.S. at 547, 99 S.Ct. 1861 (citations omitted); *see also Kenney v. Commissioner of Correction,* 393 Mass. 28, 35, 468 N.E.2d 616, 620 (1984) (recognizing that prison administra-

tors have "broad discretion in the administration of prison affairs").

■ Here, the plaintiff has alleged that he was ordered by prison officials to keep his cell windows shut for three days and nights in July of 1998. Because plaintiff makes no allegation of physical injury, and the duration of the alleged harm was so limited, I conclude that the allegations, taken as true, are insufficient to support a claim of deprivation of "the minimal civilized measure of life's necessities," *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) *quoting Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)—a requirement for succeeding on an Eighth Amendment claim. Having determined that plaintiff's claim fails to satisfy the objective component of an Eighth Amendment claim, I need not reach the subjective component.

To make out a valid claim under 42 U.S.C. § 1983, plaintiff needs to demonstrate that the circumstances of his case constitute a sufficiently serious deprivation to satisfy the requirements of the precedents cited above and binding on this court. Plaintiff has not proffered sufficient evidence to demonstrate that Essex County Correctional Facility's order that he keep his cell windows shut for three days in July, 1998, rises to the level of an Eighth Amendment violation. For this reason, it is appropriate to dismiss plaintiff's 42 U.S.C. § 1983 claim with prejudice, even if the ground stated in III.B.2 above, standing alone, might have led to a dismissal without prejudice.

**C. Massachusetts Torts Claims Act Claim**

Defendant argues that plaintiff's negligence claim is insufficient as a claim under the Massachusetts Tort Claims Act, M.G.L. ch. 258, for two reasons.

■ *First.* Defendant argues that plaintiff has not satisfied the written presentment requirement imposed by the Massa-

chusetts Tort Claims Act. M.G.L. ch. 258, § 4. That section requires a party to present his or her claim in writing to the executive officer of a public employer within two years of the accrual of the claim and before instituting a civil action against that public employer.

Plaintiff has failed to show that he satisfied the requirements of M.G.L. ch. 258, § 4 before filing this civil action. For this reason, plaintiff's claim under the Massachusetts Tort Claims Act will be dismissed. This will be a dismissal without prejudice to its being filed in a state forum if that forum will accept jurisdiction.

*Second.* Defendant posits that the Massachusetts Tort Claims Act provides only a limited waiver of sovereign immunity, and that plaintiff's claims do not fall within the ambit of that waiver. More specifically, defendant argues that the Tort Claims Act does not waive sovereign immunity in cases involving intentional torts committed by public employees. Defendant avers that plaintiff's allegations of tortious activity by Essex County employees "more closely resemble allegations of intentional tort." Defendant's Memorandum in Support at 14.

I am not convinced by defendant's argument that the activities of the guards during the three-day period in question in July of 1998 are best understood, if proved, as constituting an intentional tort. But, because plaintiff's claim under the Massachusetts Tort Claims Act is being dismissed for failure to comply with the requirements of M.G.L. ch. 258, § 4, I will leave any decisions about the extent of the waiver of sovereign immunity in relation to the circumstances of this case to be decided in a state forum, if that forum will accept jurisdiction.

I note that plaintiff asserts that his claim accrued in July, 1998, and the two-year time for filing a written presentment with an appropriate officer of the correctional facility before commencing a civil action in state court apparently has not yet run out.

## IV. Other Matters

Other matters, including Plaintiff's Motion for Writ of Habeas Corpus Ad Prosequendam (Docket No. 7) and Plaintiff's Motion for a Continuance (Docket No. 8), are moot in view of the determination that all claims in this civil action should be dismissed.

## ORDER

For the foregoing reasons, it is hereby ORDERED:

(a) Plaintiff's Motion for Writ of Habeas Corpus Ad Prosequendam (Docket No. 7, filed April 15, 1999) is DISMISSED AS MOOT;

(b) Plaintiff's Motion for a Continuance (Docket No. 8, filed April 15, 1999) is DISMISSED AS MOOT;

(c) Defendant's Motion for Summary Judgment (Docket No. 10, filed August 11, 1999) is ALLOWED;

(d) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

For the reasons stated in the Memorandum and Order of January 6, 2000, plaintiff's claim under 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE. Plaintiff's claim under the Massachusetts Tort Claims Act, M.G.L. ch. 258, is DISMISSED WITHOUT PREJUDICE.