_____

No. 95-3901
_____

Chris Myers, Jr., David Allen        *
Sheldon, and Kurtis D.               *
Strohbehn,  *
                                     *
          Appellants,                *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  Southern District of Iowa.
Thomas Hundley, Ruth McVay,          *
Jim Helling, John Emmett,            *
Debbie Nichols, Mike Anderson,       *
Ron Welder, and Sally Halford,       *
                                     *
          Appellees.                 *

_____

          Submitted:  September 12, 1996

             Filed:  November 27, 1996
_____

Before McMILLIAN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     Certain inmates at the Iowa State Penitentiary ("ISP") challenged the prison's idle-pay policy, and the district court granted the defendants' motion for summary judgment.  We affirm in part, reverse in part, and remand.

## I.

     Inmates in administrative segregation at the Iowa State Penitentiary receive $7.70 per month in idle pay.  From this sum, they must buy necessary hygiene supplies (such as soap and toothpaste), non-prescription medications, and stamps and supplies

1

for legal mail.  The inmates contend that $7.70 per month is not enough to pay for their personal necessities and the expenses associated with legal mail, and that they are therefore forced to choose between being clean and pursuing legal claims.  They filed an action under 42 U.S.C. § 1983, claiming that having to make this choice violates their constitutional right of access to the courts.

The district court granted defendants' motion for summary judgment, relying on our opinion in Blaise v. Fenn, 48 F.3d 337, 340 (8th Cir. 1995), which held that a somewhat similar idle-pay allowance was constitutional. In deciding the motion for summary judgment, the district court asserted that the inmates had presented no proof that they could not afford stamps from their allowance or that a lack of postage had actually prejudiced them, and it noted that the plaintiffs had positive balances in their accounts when they filed their petition.  Because it reasoned that the inmates themselves decide how much of their accounts to spend on stamps and supplies, the district court granted the defendants' motion for summary judgment.  Nine months after the court entered its order, the Supreme Court refined the contours of an inmate's right of access to the courts in Lewis v. Casey, --- U.S. ---, 116 S. Ct. 2174 (1996).

II.

In Blaise, we held that a similar idle-pay allowance of $7.70 was constitutional.  Blaise, 48 F.3d at 340.  In that case, however, inmates received basic hygiene supplies free of charge and could therefore spend all of their allowance on legal mail.  Id.  Blaise thus did not answer the question whether an idle-pay allowance of $7.70 that must cover both hygiene supplies and legal mailing costs is constitutional.

As we evaluate ISP's idle-pay policy, we must bear in mind that a long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights.  See Howard v. Adkison,

2

887 F.2d 134, 137 (8th Cir. 1989).  Prisons may either regularly provide these supplies to inmates free of charge, or they may give inmates a sufficient allowance with which to buy them.  ISP chooses the latter, in the form of a mixed allowance for both hygiene supplies and legal mail.  Therefore, the inmates' legal mail allowance is not $7.70, but rather whatever is left over after they have met their hygiene needs.  We must thus determine whether these leftover sums force indigent inmates into a Hobson's choice between their Eighth and Fourteenth Amendment rights.

Inmates undeniably enjoy a constitutional right of access to the courts and the legal system.  Lewis v. Casey, --- U.S. ---, 116 S. Ct. 2174, 2179 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. Casey, 116 S. Ct. at 2180; Bounds, 430 U.S. at 824-28.  Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail.  Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts.  Casey, 116 S. Ct. at 2180; Bounds, 430 U.S. at 828.

To state a claim that a law library or legal assistance program violates this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. Casey, 116 S. Ct. at 2180. Alleging theoretical inadequacies is insufficient.  Id.  Inmates must instead show, for example, that a complaint that they prepared was dismissed due to a technical requirement that a library's inadequacies prevented them from knowing, or that a library was so inadequate that it prevented them from filing a complaint for actionable harm at all.  Id.

3

We believe that a similar principle applies to cases like the present one. The underlying harm that the Constitution requires stamp allowances and legal-assistance programs to prevent is identical: a lost, rejected, or impeded legal claim. Therefore, inmates alleging that a prison's idle-pay allowance is inadequate must also assert that they suffered actual injury to pending or contemplated legal claims in order to state a constitutional claim. In cases of mixed allowances (such as the present case), inmates must specifically assert that the amounts left over from their allowances after purchasing personal necessities caused actual injury. Inmates could aver, for example, that the leftover amount prevented them from buying stamps to file a claim initially, or they could allege that a lack of postage kept them from meeting a deadline and that a court dismissed their case for that reason. We believe that such complaints would state claims under the Fifth Amendment. But inmates cannot state a claim merely by alleging that a prison did not give them "enough" money for both hygiene supplies and stamps.

We turn to an examination of the district court's order with these principles in mind. As we noted above, the district court found the inmates' pleadings inadequate because they had not asserted that their allowance would not cover their legal mail or that they were prejudiced in any pending or contemplated legal proceeding. With respect to Myers, we disagree. He did more than complain that the prison did not give him "enough" money to pay for both stamps and personal necessities. Myers specifically listed the prices of the basic hygiene supplies on which he had to spend his idle pay, and stated that for lack of funds, he was forced to miss court deadlines and to dismiss cases. Such allegations raise material factual issues under Casey. The other plaintiffs, however, failed to assert that ISP's policy had prejudiced them in any pending or contemplated legal proceeding. With respect to Sheldon and Strohbehn, we therefore agree with the district court's grant of summary judgment to the defendants.

4

III.

Because disputes over factual issues material to the resolution of Myers's claim do exist, the district court erred in granting the defendants' motion for summary judgment against him. We therefore reverse and remand for further proceedings on Myers's claim and affirm the district court's judgment in all other respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.