**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DALE WAYNE GROSS,

    Plaintiff-Appellant,

v.

EVELYN KOURY; STEVEN
BROWN, Jr.; JIM KEITH; MRS.
JANE DOE ORTIZ,

    Defendants-Appellees.

No. 03-1241
(D. Colo.)
(D.Ct. No. 02-M-2441)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **PORFILIO**, Circuit Judge, and **BRORBY**,
Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Dale Gross, a *pro se* litigant and inmate at a state correctional facility in Colorado, appeals the district court's dismissal of his Amended Complaint under 42 U.S.C. § 1983 for failure to state a claim. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In his initial complaint, Mr. Gross alleged certain prison officials violated his right to be free from cruel and unusual punishment and equal protection under the Eighth and Fourteenth Amendments. The magistrate judge issued an "Order to File Amended Complaint and to Show Cause," directing Mr. Gross to provide a short and plain statement of his claims, as well as the specific acts and personal participation of each defendant who allegedly violated his constitutional rights. The order also required Mr. Gross to show he exhausted the Colorado Department of Corrections' three-step administrative grievance procedure.

Mr. Gross responded by filing an Amended Complaint, which renewed his allegations certain prison officials violated his right to be free from cruel and unusual punishment and equal protection under the Eighth and Fourteenth Amendments. Specifically, he alleged his case manager improperly denied him indigent status, which resulted in him having insufficient funds, after paying his litigation costs, to purchase personal postage and hygiene products such as soap,

razors or toothpaste. He also alleged he "had to endure two months of solitary confinement in order to get indigent hygiene." He further alleged the warden and assistant warden, as well as his case manager, ignored numerous kite requests, sent directly to them, to turn up the heat in his cell during his two months of solitary confinement or provide him grievance forms to contest the lack of heat and hygiene items. Mr. Gross requested injunctive relief as well as unspecified punitive and compensatory damages relating to his claims. Finally, he asserted he could not exhaust his administrative remedies because prison officials refused to furnish him the required grievance forms.[1]

The magistrate judge discharged the order to show cause why Mr. Gross' complaint should not be dismissed for failure to exhaust administrative remedies.

---

[1] Mr. Gross' allegation prison officials prevented him from filing grievances could theoretically raise a constitutional claim. However, he does not assert in his pleadings or on appeal that this is a claim distinct from his personal hygiene or heat claims, or for a purpose other than showing he could not exhaust administrative remedies. For this reason, we will not address the grievance claim as a separate issue on appeal. Even if Mr. Gross intended to make such a claim, we note similar grievance issues have been rejected on the basis they do not raise a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding state prison officials' failure to accept an inmate's grievance form, concerning his ability to pay for hygiene products and postage, did not rise to a constitutional violation).

In so doing, the magistrate judge relied on Mr. Gross' allegation he could not exhaust his remedies because prison officials denied him grievance forms. A few days later, the district court *sua sponte* dismissed Mr. Gross' civil action, stating only that "the court is unable to find any factual allegations that would support a claim for a violation of the plaintiff's rights protected by the United States Constitution. Nothing that the plaintiff alleges constitutes a violation of the Eighth or Fourteenth Amendments."

On appeal, Mr. Gross claims the prison officials are continuing to deny him hygiene products, which he cannot afford after paying his legal costs for post-conviction relief and civil rights litigation. With respect to dismissal of his Amended Complaint, Mr. Gross asserts the district court misapplied the law and "[i]t is cruel and unusual [punishment] for inmates to have to choose between hygiene and asserting rights held under the constitution."[2] He also raises on appeal numerous other arguments concerning issues not raised or addressed in the district court.

---

[2] A reading of Mr Gross' appeal suggests he is no longer raising his Fourteenth Amendment equal protection claim or his Eighth Amendment personal postage claim. We will not consider issues not raised on appeal. *See Grant v. Pharmacia & Upjohn Co.*, 314 F.3d 488, 494 (10th Cir. 2002).

We begin our analysis with the standard by which we must review the dismissal of Mr. Gross' Amended Complaint. Pursuant to either 28 U.S.C. § 1915(e)(2)(B)(ii) or 42 U.S.C. § 1997e(c)(1), the district court must dismiss an action if it fails to state a claim on which relief can be granted. Under either statute, we apply a *de novo* standard of review for dismissal of a prisoner's § 1983 complaint for failure to state a cause of action. *See Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).[3] "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he alleged and it would be futile to give him an opportunity to amend." *Id.* "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and ... construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* If the district court does not provide specific grounds for dismissal, we may affirm a district court's dismissal on any grounds supported by the record. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002), *cert. denied*, 123 S. Ct. 1908 (2003).

---

[3] In this case, it is unclear which statute the district court relied on in dismissing Mr. Gross' claim. In *Perkins*, this court determined the same *de novo* standard for Rule 12(b)(6) dismissals, under the Federal Rules of Civil Procedure, applied to dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). 165 F.3d at 806. It follows the same *de novo* standard applies to § 1997e(c)(1) dismissals, given the language of the two statutes is almost identical. *Compare* 28 U.S.C. § 1915(e)(2)(B)(ii) *with* 42 U.S.C. § 1997e(c)(1).

On appeal, this court construes *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even though we construe such pleadings liberally, it is not the proper function of this court to assume the role of advocate for the *pro se* litigant, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), or supply additional facts or construct a legal theory which assumes facts not pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

With these standards in mind, we turn to the constitutional issues raised. It is well established the Eighth Amendment requires prisoners to be provided "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavara*, 94 F.3d 1399, 1405 (10th Cir. 1996), (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Humane conditions include the basic elements of hygiene and heat. *See, e.g., Penrod*, 94 F.3d at 1405-06 (holding basic elements of hygiene include access to toothpaste); *Mitchell v. Maynard*, 80 F.3d 1433, 1443 (10th Cir. 1996) (determining lack of heat for an extensive period presents an Eighth Amendment claim); *Myers v. Hundley*, 101 F.3d 542, 543-44 (8th Cir. 1996) (stating long-term, repeated deprivation of hygiene products, such as soap and toothpaste, violates Eight Amendment).

In order for a plaintiff to succeed on a claim that the conditions of his confinement violated the Eighth Amendment, he must allege: 1) the deprivation is "sufficiently serious," and 2) the prison officials acted with "deliberate indifference" to the inmate's health and safety. *Penrod*, 94 F.3d at 1405-06. While prisoners must receive humane conditions of confinement, mere discomfort or temporary adverse conditions which pose no risk to health and safety do not implicate the Eighth Amendment. *See Hudson v. McMillan*, 503 U.S. 1, 9 (1992); *Trammell v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003); *Dellis v. Corrections Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

In this case, Mr. Gross alleged his cell lacked adequate heat for two months while in solitary confinement. However, he is no longer in solitary confinement and never alleged any actual physical injury resulted from the alleged inadequate heat. Therefore, he fails to state a claim for the purpose of obtaining injunctive and compensatory relief available under 42 U.S.C. § 1997e. *See Perkins*, 165 F.3d at 807 & n.6. While he requested punitive damages recoverable under § 1997e, *see Searles v. Van Bebber*, 251 F.3d 869, 880 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002), he failed to allege the deprivation was so severe it posed a serious health risk or constituted anything more than mere discomfort. Such a claim does not implicate the Eighth Amendment. *See Hudson*, 503 U.S. at

9. For these reasons, the district court properly dismissed Mr. Gross' Eighth Amendment claim relating to the adequacy of heat in his cell.

After providing him an opportunity to amend, the district court also properly determined Mr. Gross' Eighth Amendment hygiene claim failed to state a cause of action. Mr. Gross specifically alleged he lacked two necessary hygiene items – soap and toothpaste. Under the law in this circuit, deprivation of such items for an extended period of time can implicate the Eighth Amendment.[4] *See Penrod*, 94 F.3d at 1405-06. However, in his Amended Complaint, Mr. Gross did not claim he suffered any actual injury resulting from the lack of these hygiene products. Thus, he failed to state a claim for which compensatory relief may be granted. *See Perkins*, 165 F.3d at 808 n.6.

Admittedly, on appeal Mr. Gross claims the alleged deprivation of hygiene products is ongoing, which is consistent with his request in his Amended Complaint for injunctive relief and punitive damages.[5] For the first time on

---

[4] Mr. Gross fails to allege why the lack of a razor poses a health or safety risk to him, as required to allege a violation under the Eighth Amendment for inhumane conditions of confinement. Therefore, we find the district court also properly dismissed Mr. Gross' claim with respect to that item.

[5] This court has determined injunctive relief and punitive damages are available under 42 U.S.C. § 1997e(e), regardless of whether actual physical injury occurs. *See*

appeal, he also claims he suffered actual injury because the lack of soap has caused him to be "plagued by chronic and inflamed psoriasis," and he is likely to suffer tooth decay and other dental problems. However, the crux of his argument rests simply on vague and general allegations that he lacks sufficient funds to cover both the costs of litigation and personal hygiene products. In neither his Amended Complaint nor his appeal brief does he provide any specific allegations as to the actual costs of the hygiene products in comparison to his actual or future litigation costs, or make an allegation that his litigation costs are necessary for the purpose of successfully pursuing his claims. *See Myers*, 101 F.3d at 544-45. In other words, he has not alleged that foregoing some litigation costs, in lieu of purchasing a bar of soap or a tube of toothpaste, would prejudice him in any legal proceedings nor exactly how it would prejudice him.

We recognize that Mr. Gross, as an inmate, has a right to humane conditions of confinement, *Penrod*, 94 F.3d at 1405, and access to the courts for the purpose of pursuing post-conviction and habeas relief claims, and, to a more limited extent, civil rights claims. *See Lewis v. Casey*, 518 U.S. at 343, 354-55 (1996). However, as his allegations now stand, he has simply made a personal

*Perkins*, 165 F.3d 808 & n.6; *Searles*, 251 F.3d at 880.

choice between spending his funds on hygiene products or unspecified litigation costs.  This is insufficient to state a claim on which relief may be given.  Because Mr. Gross has failed to state a claim, we need not determine whether he sufficiently alleged the named prison officials possessed the requisite personal involvement, *see Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993), or acted with "deliberate indifference" to his health or safety.  *Penrod,* 94 F.3d at 1405-06.

Finally, for the first time on appeal, Mr. Gross asserts arguments in support of issues not raised before the district court in this action.  Generally, this court will not exercise jurisdiction on issues not raised nor addressed below.  *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (*relying* on *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)).  Accordingly, we will not address those issues here.[6]

For the reasons stated, we **AFFIRM** the district court's dismissal of Mr.

---

[6]  This includes Mr. Gross' newly raised argument that the Colorado Department of Corrections' stipend and pay policy is unconstitutional because it is "designed to deny meaningful assistance to inmates in obvious need."  We note that the case on which Mr. Gross relies, *Gluth v. Kangas*, 951 F.2d 1504, 1508-09 (9th Cir. 1991), is distinguishable from this case.  Unlike here, in *Gluth*, the constitutionality of Arizona's indigent policy was directly before the district court and resolved on summary judgment based on uncontroverted facts on the actual costs of personal hygiene items and essential legal supplies.  *Id.*

-10-

Gross' action against all the defendants.  We grant Mr. Gross' motion to proceed to pay the filing fee in partial payments, reminding him he is obligated to make partial payments until the entire fee is paid.

The mandate shall issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge