**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWARD ALLEN, a/k/a Edward Clutts,

Plaintiff - Appellant,

v.

RICK RAEMISCH; UNKNOWN
EXECUTIVE DIRECTOR DESIGNEE;
ANTHONY DECESARO; DONALD
CONFIELD; LOVOREN HEERMONN;
WARDEN STERLING
CORRECTIONAL FACILITY;
UNKNOWN WARDEN OF STERLING
DESIGNEE; OFFICER BOEFF,

Defendants - Appellees.

No. 14-1307
(D.C. No. 1:14-CV-01173-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Edward Allen, aka Edward Clutts, a state prisoner proceeding pro se, filed this 42 U.S.C. § 1983 complaint to challenge the constitutionality of various actions taken by different prison officials. A magistrate judge found the complaint deficient under Rule 8 and ordered Plaintiff to file an amended complaint. The district court then reviewed Plaintiff's amended complaint and found it to be legally frivolous. The court accordingly dismissed the complaint, and this appeal followed.

Plaintiff raised four claims in his complaint: (1) the executive director of the Department of Corrections "has an[d] will continue to force Allen to choose between constitutional rights to medical care in prison and his constitutional rights to the courts by scheduling him for medical appointments and law library appointments at the same time"; (2) the executive director denied Plaintiff of his right to access the courts by transferring him between different facilities while he was pursuing a small claims case for lost wages, which prevented him from filing a timely response to the Colorado Attorney General's motion to dismiss and request for attorneys fees; (3) the prison warden violated Plaintiff's due process rights by not providing back pay for the time he spent in segregation while prison officials investigated a charge on which Plaintiff was ultimately exonerated, and by failing to restore him to his former prison job when he was exonerated on this charge; and (4) two correctional officers violated Plaintiff's due process rights when they failed to properly store Plaintiff's personal property when he was placed in segregation, instead "d[e]stroy[ing] or allow[ing] someone else to take his property." (Appellant's Br. at 2.)

We agree with the district court that none of these claims state a valid claim for

relief. First, Plaintiff has not shown that his conflicting appointments for law library access and medical care have caused an actual violation of his First or Eighth Amendment rights. Plaintiff argues his constitutional rights are violated simply by the fact that he is occasionally forced to choose between going to the law library and receiving scheduled medical or dental care. However, unless his conflicting appointments have actually caused an injury to his First Amendment or Eighth Amendment rights, they are insufficient to give rise to a constitutional claim. *Cf. Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (holding that prisoners could not succeed on First Amendment right of access claim based on insufficient allowance for hygiene supplies and legal fees unless the inmates "specifically assert[ed] that the amounts left over from their allowances after purchasing personal necessities caused actual injury" to their right of access to the courts). Second, Plaintiff cannot demonstrate a violation of his First Amendment right of access to the courts based on his difficulties in litigating the small-claims-court action, since the right of access to the courts has been defined to cover only civil rights claims and direct and collateral attacks on convictions and sentences. *See Lewis v. Casey*, 518 U.S. 343, 554-54 (1996). Third, prisoners do not have a protected liberty or property interest in keeping a specific prison job, or even any employment at all, and Plaintiff has not shown that he had a protected property or liberty interest in lost income for the time he was unable to do his prison job due to his placement in segregation. *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996). Without a protected interest, Plaintiff's

due process claim must fail.[1]  Finally, even if Plaintiff's claim regarding his lost property were sufficient to raise due process concerns, he has neither argued nor demonstrated the post-deprivation remedy provided by the state court is inadequate, and thus his fourth claim must likewise fail.

In his appellate brief, Plaintiff argues his case should be remanded based on the magistrate judge's review of his complaint, since "Magistrate Boland has a personal interest in Allen's actions [as] he is a witness to notification of claims in another of Allen's actions."  (Appellant's Br. at 4 (spelling, punctuation, and capitalization standardized).)  However, although the district court's order of dismissal mistakenly identified the magistrate judge who reviewed Plaintiff's complaint as Magistrate Judge Boyd Boland, the record reveals it was a different magistrate judge who actually reviewed the complaint.  We thus need not consider Plaintiff's argument that Magistrate Judge Boland should have recused himself from the case.

For the foregoing reasons, and for substantially the same reasons given by the district court, we **AFFIRM** the dismissal of this case.  We **GRANT** Plaintiff's motion to

---

[1] In his appellate brief, Plaintiff frames his third claim as an equal protection claim as well as a due process claim.  However, Plaintiff did not raise any equal protection arguments below, and we will not consider them for the first time on appeal.

proceed *in forma pauperis* on appeal but remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge