# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3617
_____

DeAngelo Lamont Thomas-El

*Plaintiff - Appellee*

v.

Nicole Francis, Case Manager, Individual Capacity; Jason Lee

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 16, 2023
Filed: April 23, 2024

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Nicole Francis and Jason Lee appeal the district court's[1] order denying them qualified immunity on DeAngelo Lamont Thomas-El's Eighth Amendment claim pertaining to the deprivation of toothpaste for four and a half months while incarcerated at the Potosi Correctional Center ("PCC").  We affirm.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Thomas-El received a small monthly allowance in his inmate account to spend at his discretion. Over the course of nearly five months, after his state and federal filing fees were deducted from his allowance, Thomas-El requested toothpaste, soap, and deodorant from PCC staff because he could not afford them. At the end of January 2020, still without toothpaste, Thomas-El visited the medical facility complaining of a cavity, tooth pain, and a "rotten taste" in his mouth. He was placed on a waitlist to receive a filling.

Thomas-El filed this action against various PCC officials. The district court dismissed his Eighth Amendment claim for deprivation of soap and deodorant and denied summary judgment and qualified immunity on Thomas-El's claim pertaining to the deprivation of toothpaste, finding a fact issue existed as to whether Francis and Lee acted with deliberate indifference. Francis and Lee appeal the district court's denial of qualified immunity.

We review the denial of qualified immunity _de novo_, viewing the record in the light most favorable to the nonmoving party and making all reasonable inferences in his favor. Thurmond v. Andrews, 972 F.3d 1007, 1011 (8th Cir. 2020). In this context, our jurisdiction is limited to deciding "the purely legal issue of whether the facts alleged by the plaintiff are a violation of clearly established law." Raines v. Counseling Assocs., Inc., 883 F.3d 1071, 1074 (8th Cir. 2018). In other words, our task is to determine whether the conduct alleged by the plaintiff, which the district court deemed sufficiently supported for purposes of summary judgment, violated a clearly established federal right. Shannon v. Koehler, 616 F.3d 855, 861 (8th Cir. 2010).

Thomas-El's Eighth Amendment claim is best characterized as a conditions of confinement claim, which is analyzed under a deliberate indifference standard. Wilson v. Seiter, 501 U.S. 294, 303 (1991). The deliberate indifference standard has two components: an objective component and a subjective component.

First, the alleged violation "must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson, 501 U.S. at 298). To satisfy the objective prong, the deprivation must "result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). This Court has noted that "a long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996) (citing Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989)). Thomas-El's allegations that he was without funds to purchase toothpaste and his nearly five months of unsuccessful repeated requests for toothpaste are sufficient to satisfy the first prong of a deliberate indifference claim.

The second prong requires the Court to determine whether Francis and Lee acted with the requisite subjective state of mind. Under established law, a prison official may only be found liable under the Eighth Amendment for a conditions of confinement violation if "the official knows of and disregards an excessive risk to inmate health and safety." Farmer, 511 U.S. at 837. Here, Francis confirmed Thomas-El sent her a letter requesting hygiene products on September 3, 2019. Lee confirmed that Thomas-El sent him a similar letter on December 23, 2019. Thomas-El alleged that he also spoke with Francis and Lee in person, but they denied speaking to him or, if they spoke to him, they did not ignore or rebuff his requests. Based on these facts, the district court properly found that a genuine factual dispute existed over whether Francis and Lee subjectively knew and consciously disregarded the risk of serious harm that Thomas-El faced by depriving him of toothpaste.

Finally, we consider whether the law clearly established an inmate's right to hygiene supplies during the timeframe alleged in the complaint. In Howard, we held generally that "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." 887 F.2d at 137. Then, in Myers, we reviewed a similar prison-provided allowance and established that the Eighth Amendment provides inmates the right to be free from the "long-term, repeated deprivation of adequate hygiene supplies." 101 F.3d at 544. PCC's operating procedures define toothpaste as a basic hygiene item. Thomas-El's

-3-

proffered evidence is sufficient to establish the deprivation of a basic necessity and to raise a triable question of deliberate indifference.

We affirm the district court's denial of qualified immunity and remand for further proceedings.

_____