**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 19, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MARYLIN MONAE PORTER,
a/k/a Lamone M. Johnson,

     Plaintiff - Appellant,

v.

JOEL MCCURDY; KIM HALL;
CHRISTIE QUICK; EARLENE
SYLVESTER; TERRI APALA; JIM
FARRIS; FNU DIXON; FNU TINSLEY;
ROSS FISHER; UTILIZATION REVIEW
COMMITTEE,

     Defendants - Appellees.

No. 25-7020
(D.C. No. 6:23-CV-00058-RAW-GLJ)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

_____

Marylin Monae Porter is a transgender Oklahoma inmate who brought this

pro se action for alleged violations of her Eighth and Fourteenth Amendment rights.[1]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Ms. Porter was formerly known as Lamone M. Johnson.

In a previous appeal, we affirmed the district court's grant of summary judgment on her Eighth Amendment deliberate-indifference claims against a prison physician and nurse for discontinuing her hormone replacement therapy (HRT) in May 2018. *See Johnson v. Sanders*, 121 F.4th 80, 87-88, 96 (10th Cir. 2024). The physician's decision to stop HRT was predicated on a correctional psychologist's conclusion that Ms. Porter does not have gender dysphoria. *Id.* at 84-85.

In this case, Ms. Porter brought six new claims, four alleging deliberate indifference to her serious medical needs in violation of the Eighth Amendment, and two alleging Fourteenth Amendment equal protection and due process violations. She named as defendants the following officials from the Oklahoma Department of Corrections (ODOC): Chief Medical Officer Joel McCurdy, the Collective John Does of the Utilization Review Committee (URC), Correctional Health Services Administrator Kim Hall, Deputy Warden Christie Quick, Canteen Supervisor Earlene Sylvester, Warden Jim Farris, Chief of Security Tinsely, Chief Medical Officer Ross Fisher, Unit Manager Terri Apala, and Disciplinary Hearing Officer Lt. Dixon.

The district court dismissed the action for failure to state a claim, ruling as follows:

*First*, Ms. Porter's claim against McCurdy for affirming the discontinuation of HRT in May 2018 was untimely under Oklahoma's two-year statute of limitations because she did not file this action until February 2023. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999).

2

*Second*, Ms. Porter's claim that she was denied fertility treatment after she was "again diagnosed with gender dysphoria" on May 27, 2020, R., vol. 2 at 41, failed to allege the personal participation of any defendant. *See Bledsoe v. Carreno*, 53 F.4th 589, 607 (10th Cir. 2022) ("In the context of a § 1983 action against multiple individual government actors, it is particularly important that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." (ellipsis and internal quotation marks omitted)).

*Third*, Ms. Porter's claim for her preferred gender affirming care—injections and surgery—failed to allege "the complete denial, or the functional equivalent of a complete denial of medical care," because there are no allegations she was denied HRT after she was re-diagnosed with gender dysphoria on May 27, 2020. *See Johnson*, 121 F.4th at 92 (explaining that hormone therapy and surgery are among the four types of treatment for gender dysphoria); *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a . . . prescribed course of treatment does not state a constitutional violation.").

*Fourth,* Ms. Porter's claim that Hall delayed her treatment for Amblyopia (an eye condition) failed to allege Hall knew of and disregarded an excessive risk to her health when Hall scheduled her to see an optometrist, who in turn referred her to an ophthalmologist. *See Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000) (stating the requirements for claim of deliberate indifference to serious medical needs); *see also Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023)

(official "who prevents an inmate from receiving treatment or denies access to someone capable of evaluating the inmate's need for treatment" may be liable).

*Fifth*, Ms. Porter's equal protection claim collectively against "all" defendants failed to specify who did what to discriminate against her. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (recognizing that in § 1983 cases involving multiple government actors, collective allegations fail to satisfy the fair notice pleading standards of Fed. R. Civ. P. 8).

*Sixth*, Ms. Porter's due process claim against Apala and Dixon for denying her an unbiased disciplinary hearing failed to allege the disciplinary action imposed (visitation, canteen, and phone restrictions) would "inevitably affect the duration of [her] sentence," *Sandin v. Connor*, 515 U.S. 472, 487 (1995), or impair a protected liberty interest, *see Requena v. Roberts*, 893 F.3d 1195, 1218 (10th Cir. 2018).

We have reviewed de novo the district court's detailed and comprehensive decision. *See Purgatory Rec. I, LLC v. United States,* 157 F.4th 1173, 1182 (10th Cir. 2025).[2]  Having also reviewed the record on appeal, the parties' briefs,[3] and the relevant legal authorities, we affirm the district court's judgment for

---

[2] The district court dismissed all claims under Federal Rule of Civil Procedure 12(b)(6) except those against Fisher and the Collective John Does of the URC, which it dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c)(1), *see* R., vol. 3 at 189 n.2.  Our standard of review is the same.  *See Perkins*, 165 F.3d at 806 (§ 1915(e)(2)(B)(ii)); *Gross v. Koury*, 78 F. App'x 690, 693 n.3 (10th Cir. 2003) (unpublished) (§ 1997e(c)(1)).

[3] We afford Ms. Porter's pro se filings a liberal construction but do not act as her advocate.  *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

substantially the same reasons stated in the district court's order dated March 13, 2025.  Ms. Porter's motion to proceed on appeal without prepayment of costs and fees (Dkt. No. 14) is granted.

Entered for the Court


Carlos F. Lucero
Senior Circuit Judge
